JUSTIN HEWGILL (259528)
jhewgill@ejlglaw.com
**EMPLOYEE JUSTICE LEGAL GROUP PC**
1001 Wilshire Blvd 2nd Floor,
Los Angeles, CA 90017
Phone: (213) 382-2222;
Fax: (213) 382-2230


Attorneys for Plaintiff,
TESS CHRISMAN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TESS CHRISMAN, an individual, on behalf of herself and all other similarly situated employees, | Case No.: |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1 through 25, Inclusive, | |
| Defendants. | **CLASS ACTION** |

Plaintiff TESS CHRISMAN ("Plaintiff"), by and through her attorneys, brings this class action on behalf of himself, and all other similarly situated non-exempt employees who are or were employed in California by Defendants WAL-MART ASSOCIATES, INC. ("Walmart"), and DOES 1 through 25, inclusive (collectively "Defendants") at Walmart's fulfillment centers (Walmart's internal warehouse

logistics system) between four years prior to the date of the filing of this action through the date of final disposition of this action. Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## INTRODUCTION

1.      This California-based class action is brought on behalf of Plaintiff and the Class[1] because of Defendants' systematic mistreatment of their employees, in violation of California's wage and hour laws.

2.      Walmart and DOES 1 through 25, inclusive, multiple warehouse distribution centers in California (called fulfillment centers). As part of this business, Defendants multiple warehouse logistics staff, of various roles, including but not limited to pickers, forklift drivers, supervisors, and auditors.

3.      Defendants required Plaintiff and Class members to work without pay for hours or partial hours in several ways, including but not limited to waiting in lines to enter and exit the building at the beginning and end of shifts, as well as for meal breaks.

4.      Further, Defendants regularly failed to provide Plaintiff and Class members with proper meal breaks, failed to authorize and permit legally compliant rest breaks, and failed to provide meal and rest break premiums in lieu of such breaks.

5.      Thus, Defendants failed to provide accurate wage statements and maintain adequate records.

6.      When Class members' employment with Defendants ended, Defendants failed to pay them all wages due, and as such owe Class members waiting time penalties.

7.      Similarly, Defendants failed to pay Class members all their earned wages in a timely fashion throughout employment and upon termination.

8.      Similarly, Defendants failed to provide a place of employment that allowed Plaintiff and other members of the Class to use bathroom facilities in a

---

[1] The "Class" is defined in paragraphs 64-69.

healthful frequency, navigate facilities without risk of injuring their arms while handling heavy doors, and sit down as appropriate.

9.     Lastly, Defendants' quota system violated relevant California law and Plaintiff's and the Class's rights.

10.     Upon information and belief, the above practices are uniform at all locations in the State of California and are still ongoing.

11.     In order to redress the harms suffered, Plaintiff, on behalf of herself and the Class, brings claims associated with Defendants' violations of the California Labor Code and the applicable IWC Wage Order, including: (1) failure to pay minimum, regular, and overtime wages in violation of Labor Code §§ 200, 204, 510, 1194, 1194.2, 1197, 1197.1, 1198, and the applicable IWC Wage Order; (2) failure to authorize and provide meal periods in violation of Labor Code §§ 226.7 and 512; (3) failure to authorize and provide rest periods in violation of labor Code § 226.7; (4) failure to provide accurate itemized wage statements in violation of Labor Code §§ 226(a), 226(e)(l), 226.3, 1198, and the "Records" Section of the applicable IWC Wage Order, item 7; (5) failure to timely pay wages due during the course of the employment and upon termination of employment in violation of Labor Code §§ 201, 202, 203, 204, 210, 1198, and the "Minimum Wages" Section of the Applicable Wage Order; (6) failure to establish quotas compliant with labor law requirements in violation of Labor Code §§ 2101 *et seq.*; and (7) failure to comply with California's Business and Professional Code § 17200.

## <u>JURISDICTION AND VENUE</u>

12.     This Court has personal jurisdiction over Defendants because Defendants have conducted and continue to conduct substantial business in the State of California, employ numerous individuals in California, and have intentionally availed themselves of the laws and markets of California through the operation of their business in California.

13.     This court has subject matter jurisdiction pursuant to the Class Action

Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (California) and Defendants (Delaware) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

14.     Venue is proper in this Court as pursuant to 28 U.S.C. § 1391(b) because Defendants employed and employ numerous individuals, including Plaintiff, for work to be performed in this District and under the laws of California and, thus, a substantial portion of the events, acts, and omissions giving rise to this action occurred in this District.

<b><u>PARTIES</u></b>

**A. <u>PLAINTIFF</u>**

15.   Plaintiff is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the State of California.

16.   During the Class Period, Defendants have promoted Plaintiff from her original position of picker—which she started in April of 2016—to forklift driver, supervisor, and Defendants currently employs Plaintiff as an auditor.

**B. <u>DEFENDANTS</u>**

17.     Defendant Walmart is an Delaware corporation, subsidiary of the national Wal-Mart conglomerate, which operates a nationwide hypermarket business.

18.     Upon information and belief, Defendant Walmart operates a warehouse distribution center in Chino, California, as well as many other similar locations throughout the state of California.

19.   Based on information and belief, Defendants had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiff's and the Class's wages, hours, and working conditions.

20.   Based on information and belief, Defendants had knowledge of the wage-and-hour violations alleged herein and had the power to prevent the violations from occurring. Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendants could have but failed to prevent the violations from occurring.

CLASS ACTION COMPLAINT

21.   Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 25, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

22.   Plaintiff believes and thereon alleges that each "Doe" defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by such defendant and its acts.

23.   Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of the named Defendants, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

24.   The tortious acts and omissions alleged herein were performed by Defendants' management level employees. Defendants allowed and/or condoned a continuing pattern of unlawful practices in violation of the California Labor Code, and has caused, and will continue to cause, Plaintiff's economic damage in an amount to be proven at trial.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**The Employment Relationship:**

25.   Defendants hired Plaintiff in April of 2016, as a "picker" of merchandise at one of Walmart's distribution warehouses.

26.   Throughout the course of Plaintiff's employment, Defendants have promoted Plaintiff from her original position of picker to forklift driver, and Defendants currently employ Plaintiff as an auditor.

27.   As an auditor, Plaintiff oversees quality control for merchandise to be shipped outside of the distribution center.

28.   Defendants still employ Plaintiff.

29.    Upon information and belief, Defendants currently employ over 1,000 employees at Plaintiff's work location.

**Plaintiff's Hours and Working Conditions:**

30.    Defendants currently pay Plaintiff $26.20 per hour.

31.    Defendants schedule Plaintiff to work Monday through Thursday for 10-hour shifts.

32.    Defendants require Plaintiff to satisfy a quota of 50 tasks per hour.

33.    Consequently, Plaintiff constantly carries a "TC" handheld computer which keeps track of her task completion rate, as per Defendants' quota policy.

**Failure to Pay for All Hours Worked:**

34.    Defendants require Plaintiff and other members of the Class to badge through several locked doors when entering the facility. There are regularly lines to enter and exit the building, such that it often takes several minutes to enter the premises and clock into Defendants' timekeeping system.

35.    Similarly, Plaintiff and Class members had to wait in line to badge through multiple doors when leaving the facility or leaving and returning from meal breaks. In every instance this process took place while Plaintiff and Class members had not yet clocked in or had already clocked out.

36.    Particularly, Plaintiff and other members of the Class need to scan their badges at two different points of entry.

37.    Thus, Defendants owe Plaintiff and the Class unpaid wages and overtime premiums corresponding to such quantifiable ingress and travel time.

**Failure to Provide Legally Sufficient Meal Breaks:**

38.    Plaintiff and other Class members were not provided legally adequate meal periods.

39.    Plaintiff and other members of the Class members regularly work 10-hour shifts.

40.    Break areas provided were insufficient for the number of workers who

break at the same time. Because of this Plaintiff and Class members would regularly have to travel to their vehicles to take breaks. This however, required Plaintiff and Class members to wait in line to badge through the multiple locked doors required to ingress and egress the facility, and then walk to their respective vehicles. Plaintiffs did this after clocking.

41.    Plaintiff and Class members could not stay on break longer to compensate for this lost time because they were expected to return in a timely fashion, and were subject to production quotas which would penalize them if they did not maximize production.

42.    Thus, Plaintiff's and the Class's meal periods consistently lasted less than 30 minutes.

43.    Plaintiff and Class members were not paid missed mal break premiums.

44.    Plaintiff and Class members are owed premiums for all these missed meal periods.

**Failure to Authorize and Permit Legally Sufficient Rest Breaks:**

45.    Plaintiff and other Class members were not authorized and permitted legally adequate rest breaks.

46.     However, Defendants did not allow Plaintiff and other Class members take rest periods outside of break areas.

47.    Nonetheless, Defendants required Plaintiff and other Class members to clock out before traveling to the rest areas, which required several minutes of travel, inclusive of return time.

48.    Furthermore, Plaintiff and Class members were required to go through a security check whenever leaving the warehouse area, including when going on meal and rest breaks. Defendants check bags, purses, and other personal items before allowing employees to exit the warehouse area. This process contributed to Plaintiff and Class members not being afforded the opportunity to take a full ten-minute rest break.

49. Plaintiff and Class members could not stay in the rest area longer to compensate for this lost time because they were expected to return in a timely fashion, and were subject to production quotas which would penalize them if they did not maximize production.

50. Thus, Plaintiff's and Class members' rest periods consistently lasted less than 10 minutes. Plaintiff and Class members could not stay in the rest area longer to compensate for this lost time because they were expected to return in a timely fashion, and were subject to production quotas which would penalize them if they did not maximize production.

51. Plaintiff and Class members were not provided missed break premium wages for missed or short rest periods.

52. Plaintiff and Class members are owed premiums for those missed rest periods.

**Failure to Provide Accurate Wage Statements:**

53. Defendants did not provide Plaintiff and other members of the Class with accurate wage statements.

54. Pertinently, the wage statements did not include all owed overtime, meal period premiums, rest period premiums, and the correct applicable rates of pay.

**Failure to Pay All Wages in a Timely Fashion During the Course of Employment:**

55. Because Defendants failed to appropriately compensate Plaintiff and other members of the Class for all work performed and employee rights forsaken, including missed meal and rest breaks periods, Defendant did not pay all the wages they were due in a timely fashion in the course of employment.

**Failure to Provide a Place of Employment that is Safe and Healthful:**

56. Defendants did not provide a safe and healthful place of employment to Plaintiff and the Class.

57. Specifically, Defendants required Plaintiff and other Class members open unreasonably heavy doors in order to move in and out of module areas within the

building—causing physical pain and/or possible injury.

58.    Additionally, Defendants continuously discouraged employees from using the restrooms other than during break periods—virtually, for a maximum of two pre-scheduled 10-minute sets a day.

59.    Additionally, Defendants do not allow Plaintiff and other members of the Class to sit down while performing suitable work tasks that do not require consistent walking.

**Failure to comply with California's Warehouse Quota Laws:**

60.    Lastly, Defendants' high quotas and compliance policies prevent Plaintiff and other Class members from using bathroom facilities as needed and/or in a safe and healthy frequency. Defendants' quotas also prevent or discourage taking legally sufficient meal and rest periods.

61.    As such, Defendants are in violation of California's quota laws.

62.    Plaintiff is informed and believes that the unlawful wage and hour policies described in this action are set centrally and are applicable throughout California.

63.    Plaintiff is informed and believes that the unlawful wage and hour policies described in this action are still ongoing.

## CLASS ACTION ALLEGATIONS

64.    Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All Non-Exempt current and former employees of Defendants who worked at Fulfillment Centers within the state of California, during the Class Period.

65.    "Non-Exempt" means employees that are not exempt from California wage and hour laws pursuant to Labor Code §515(a); 8 Cal. C. Regs. §11010, et seq.

66.    "Class Period" means the period from four years prior to the filing of this action through the date of final disposition of this action.

67.    "Fulfillment Centers" means the warehouse and distribution centers

operated by Defendants in support of their fleet of retail operations.

68.  Excluded from the Class are Defendants, their officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling interest, and any Judge assigned to this case and their immediate families.

69.  Plaintiff reserves the right to amend or modify the definition of the Class to provide greater specificity and/or further division into subclasses or limitation to particular issues.

70.  **Numerosity- Fed. R. Civ. P. 23(a)(1):** The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of class members is presently unknown, but it is believed that there are several hundred class members in the Class. The identity of the Class Members is ascertainable and can be determined based on records maintained by Defendants.

71.  **Predominance of Common Questions- Fed R. Civ. P. 23(a)(2), 23(b)(3):** There are multiple questions of law and fact common to the Class that will predominate over questions affecting only individual class members. The questions of fact that are common to the Class members and predominate over questions that may affect individual Class members, include, whether Defendants:

a)  Failed to pay Plaintiff and members of the Class all of their earned wages and compensation, including overtime wages;

b)  Failed to provide Plaintiff and members of the Class with meal and rest breaks;

c)  Failed to furnish to Plaintiff and members of the Class accurate, itemized wage statements compliant with Labor Code §226; and

d)  Failed to timely pay members of the Class all of their earned wages, compensation and benefits throughout employment and subsequently during the course of employment;

e)  Failed to provide seating for job tasks that were compatible with

permanent or temporary seating arrangements;

f) Failed to provide safe and healthful work environment when limiting use of the restroom to two times a day, for less than 10 minutes each; requiring employees to open and close very heavy doors; and preventing employees from seating during sedentary tasks; and

g) Failed to comply with quota requirements when creating quotas resulting in high workloads and preventing employee's use of bathroom facilities in a healthy fashion;

72.    The questions of law that are common to the Class members and predominate over questions that may affect individual Class members, include:

a) Whether the provisions of the Labor Code include the employer's obligation to pay all earned wages and to pay all such earned wages at regular bi-monthly intervals as they are earned;

b) Whether the provisions of the Labor Code include the employer's obligation to provide meal breaks that last at least 30 minutes, uninterrupted, and exclusive of travel time;

c) Whether the provisions of the Labor Code include the employer's obligation to provide rest periods that last at least 10, uninterrupted, and exclusive of travel time;

d) The requirements for a wage statement to be compliant with Labor Code §226;

e) Whether the provisions of the Labor Code include the employer's obligation to provide seating for employees performing fully or partially sedentary tasks;

f) Whether the provisions of the Labor Code include the employer's obligation to allow its employees to use bathroom facilities in a healthy fashion and frequency;

g) Whether the provisions of the Labor Code include the employer's

obligation to divide work environments with doors that are not unhealthily heavy;

h) Whether the use of bathroom facilities limited to two times a day, each shorter than 10 minutes, is healthful; and/or

i) What remedies, including restitution, compensatory damages, statutory and civil penalties, additional wages and disgorgement of revenue, are available under California law to members of the Class who were not paid all earned wages, compensation and benefits; were not paid all wages and compensation earned at the time of the termination of their employment relationship with Defendants; and were not provided lawful wage statements.

73.     **Typicality- Fed. R. Civ. P. 23(a)(3):** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all putative Class members were subject to, and affected by, Defendants' systemic policies and practices alleged herein.

74.     **Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1):** Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. Plaintiff is represented by experienced and competent Class Counsel. Class Counsel have litigated numerous class actions. Class counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiff and Class Counsel can fairly and adequately protect the interests of all of the members of the Class.

75.     **Superiority—Fed. R. Civ. P. 23(b)(3):** The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action

and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum, Regular and Overtime Wages**

**[Cal. Labor Code § 200, 204, 510, 1194, 1194.2, 1197, 1197.1, 1198 et seq., and the Applicable IWC Wage Order]**

**[By Plaintiff Against all Defendants]**

76.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

77.    Labor Code section 510 states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12- hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

78.    Labor Code section 1194(a) further states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

79.    Additionally, Labor Code section 1197 states, "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the

minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

80.    Labor Code section 1197. 1(a) further states: "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203."

81.    Also, Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

82.    Lastly, Section 4(B) of the "Minimum Wages" provision of the applicable IWC Wage Order, Order No. 4-2001, states: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

83.    Plaintiff and Class members were not compensated all minimum, regular and overtime wages for all hours or fraction of hours worked.

84.    Particularly, Plaintiff and other Class members need to scan their badges at two different points of entry, due to the size of the workforce at the facility this customarily resulted in Plaintiff and Class members waiting in line to enter and exit the building.

85.    Consequently, because of Defendants' unlawful acts, Plaintiff and Class members have been deprived of earned overtime wages, and Defendants owe Plaintiff and Class members such retained wages.

86.     Plaintiff and Class members are also entitled to an award of liquidated

damages and attorney's fees, as well as costs afforded under Labor Code sections 1194.2.

## SECOND CAUSE OF ACTION

### Failure to Provide Meal Breaks or Compensation in Lieu Thereof

### [Cal. Labor Code §§ 226.7 & 512]

### [By Plaintiff Against all Defendants]

87.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

88.   115.   Pursuant to Labor Code § 512, no employer shall employ any person for a work period in excess of five (5) hours without providing a meal period of at least thirty (30) minutes. See also the applicable IWC Wage Order, item 11. During this meal period of no less than thirty (30) minutes, the employer must completely relinquish any and all control over the employee and the employee must not engage in any work-related activity for the employer. *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1040.

89.   If the employee performs any work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. *Id.*

90.    If the employee performs any work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. *Id.*

91.   Additionally, California law does not permit an employer to employ an individual for a work period in excess of ten (10) hours without providing a second meal period of at least thirty (30) minutes. Labor Code § 512; the applicable IWC Wage Order, item 11.

92.   If the employer fails to provide an employee with a legally compliant meal period, the employer shall pay the employee one additional hour of pay at the

employee's regular rate of compensation for each workday that the meal period was not provided. Labor Code § 226.7; the applicable IWC Wage Order, item 11.

93.    Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

94.    In this case, even though she always worked at least 10 hours a day, Plaintiff would regularly receive meal break periods that lasted less than 30 minutes.

95.    Plaintiff and Class members also regularly missed meal breaks, took late meal breaks, short meal breaks, and failed take an adequate number of meal breaks due to work load and quota requirements.

96.    Plaintiff and Class members were not provided missed meal break premium wages.

97.    Consequently, Plaintiff and the Class are entitled to receive one additional hour of pay at their regular rate of compensation for each day a compliant meal period was not provided, as premium wages.

## THIRD CAUSE OF ACTION

### Failure to Authorize and Permit rest Breaks or Provide
### Compensation in Lieu Thereof
### [Cal. Labor Code § 226.7]
### [By Plaintiff Against all Defendants]

98.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

99.    The applicable IWC Wage Order provides ""'Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be

based on the total hours worked daily at the rate of ten (10) minute net rest, time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages." Section (B) states "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

100.    The applicable IWC Wage Order, item 12, requires employers to authorize and permit off-duty rest periods during which an employee must be relieved of any and all work-related duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269.

101.    Additionally, a lawful off-duty rest period is not provided where an employer fails to relinquish control over how employees spend their time. *Id.*

102.    Under Labor Code § 226.7, an employer is required to pay an employee one (1) additional hour of pay at the employee's regular rate of pay for each workday in which a lawful rest period was not provided. See also the applicable IWC Wage Order.

103.    Labor Code section 1198 explains "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

104.  In this case, even though she always worked at least 10 hours a day, Plaintiff would regularly receive rest break periods that lasted less than 10 minutes.

105.  Pertinently, Defendants did not allow Plaintiff and other Class members to take break periods outside in work areas.

106.  Nonetheless, Defendants required Plaintiff and other members of the

Class to clock out before traveling to the rest area, which required about several minutes of travel, inclusive of return time.

107. Furthermore, Defendants require employees go through security checks, including metal detectors, when they enter and leave break areas—which contributes to the travel time to and from Defendants' break areas.

108. Thus, Plaintiff's and other Class members' rest periods consistently lasted less than 10 minutes.

109. Plaintiff and Class members were not provided missed rest break premium wages.

110. Consequently, Plaintiff and the Class are entitled to receive one additional hour of pay at their regular rate of compensation for each day a compliant rest period was not provided, as premium wages.

## FOURTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

### [Cal. Labor Code § 226, 1198 et seq.,

### and the Applicable IWC Wage Order]

### [By Plaintiff Against all Defendants]

111. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

112. Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the

employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number;· (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

113.  In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Plaintiff is entitled to an award of costs and reasonable attorney's fees.

114.  Further, section 7(B) of the applicable IWC Wage Order, Order No. 4-2001, states that "[e]very employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

115.  Further, Labor Code § 1174(d) provides that an employer must keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily and the wages paid to each employee employed at the respective establishments. These records shall be kept on file for not less than three years.

116.  Because Defendants failed to pay Plaintiffs and Class members for all overtime hours worked, Defendants also failed to provide accurate itemized wage statements as required by Labor Code §226.

117.  Further, due to Defendants not paying meal and rest period premiums, Defendants do not record proper hours and wages, and do not provide legally compliant wage statements accurately accounting for hours, wages, deductions, etc.

118.  By knowingly and intentionally failing to keep accurate time records and failing to provide proper wage statements as required by Labor Code §§226, 1174(d), and the applicable IWC Wage Order, section 7, Defendants have injured Plaintiff and the other members of the Class and made it difficult to calculate the unpaid wages owed, and losses and expenditures not indemnified by Defendants (including wages, interest and penalties thereon) due Plaintiff and the Class.

119.  Because of Defendants' unlawful acts, Plaintiff and the Class are entitled to bring this action to recover damages, ensure compliance and recover costs and reasonable attorneys' fees. Labor Code §226(e)-(h).

### FIFTH CAUSE OF ACTION

**Failure to Timely Pay Wages Due During the Course of Employment**

**[Violation of Labor Code§§ 201, 202, 203, 204, 210, 1198, 2699 et seq.,**

**and the Applicable IWC Wage Order]**

**[By Plaintiff Against all Defendants]**

120.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

121.  Labor Code section 201 states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

122.  In addition, Labor Code section 202 states, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

123.  Further, Labor Code section 203(a) states, in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

124.  Labor Code section 204(a) further states in pertinent part "[a]ll wages... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

125.  Additionally, Labor Code section 210(a) imposes a civil penalty for violation of Labor Code section 204 of one hundred dollars ($100) for the initial violation for each failure to pay each employee and two hundred dollars ($200) for each subsequent violation, plus 25 percent of the amount unlawfully withheld.

126.  The "Minimum Wages" section of the applicable IWC Wage Order, Order No. at section 4, provides every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period.

127.  Defendants failed to pay Plaintiff and other members of the Class all minimum, regular, overtime, and meal and rest period wages due and owing during employment.

128.  Thus, Defendants willfully failed to pay all wages when required by Sections 201 and 202 of the Labor Code.

129.  Therefore, Defendants owes waiting time penalties to all affected employees, including Plaintiff and other Class members.

130.  Because of Defendants' illegal employer conduct, Plaintiff and Class members are entitled to damages including recovery of wages, attorney's fees, costs, waiting time penalties, and other penalties to the extent allowed by law.

## SIXTH CAUSE OF ACTION

### Violations of California Quota Laws

### [Cal. Labor Code § 2100, et seq.]

### [By Plaintiff Against all Defendants]

131.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

132.  Labor Code § 2101 provides that each employer that employs 100 or more employees at a single warehouse distribution center in California, or 1,000 employees at one or more warehouse distribution centers in California, shall provide upon hire or within 30 days of the effective date of this part, a written description of each quota to which the employee is subject, including the quantified number of tasks to be performed or materials to be produced or handled, within the defined time period, and any potential adverse employment action that could result from failure to meet the quota.

133.  Labor Code § 2102 provides that an employee shall not be required to meet a quota that prevents compliance with meal or rest periods, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards. An employer shall not take adverse employment action against an employee for failure to meet a quota that does not allow a worker to comply with meal and rest periods, or occupational health and safety laws in the Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the employee pursuant to Section 2101.

134.  Labor Code § 2103 provides:

(a) Any actions taken by an employee to comply with occupational health and safety laws in the Labor Code or division standards shall be considered time on task and productive time for purposes of any quota or monitoring system.

(b) Notwithstanding subdivision (a), consistent with existing law, meal and rest breaks are not considered productive time unless the employee

is required to remain on call.

135.  Defendants are subject to the above-mentioned Labor Code provisions because their warehouses qualify as "warehouse distribution centers" under Labor Code § 2100(i) and they qualify as an "employer" under Labor code § 2100(f) because they employ or exercise control over the wages, hours, or working conditions of, upon information and belief, 100 or more employees at its Chino, California facility.

136.  Defendants employ a quota as defined by Labor Code § 2100(h), because they have and do use a system of timing employees for assignments and judging those employees' performance against the set standards of how long each task is expected to take.

137. Pertinently, Defendants' high quotas and compliance policies prevent Plaintiff and the Class from using bathroom facilities as needed and/or in a safe and healthy frequency.

138. Plaintiff and other members of the Class often forego using bathroom facilities when needed because such use of the bathroom facilities can prevent timely completion of Defendants' high workload quotas.

139. Defendants quota also prevents and discourages Plaintiff and Class members from taking legally sufficient rest and meal breaks.

140.  As such, Defendants are in violation of California's quota laws.

141.  Labor Code § 2108 provides that "[a] current or former employee may bring an action for injunctive relief to obtain compliance with Sections 2101 to 2104, inclusive, and may, upon prevailing in the action, recover costs and reasonable attorney's fees in that action. In any action involving a quota that prevented the compliance with regulations promulgated by the Occupational Safety and Health Standards Board, the injunctive relief shall be limited to suspension of the quota and any adverse action that resulted from its enforcement."

142.  Plaintiff on behalf of herself and other Class members seeks injunctive relief for Defendants' violation of the quota laws. Specifically, Plaintiff seeks to enjoin the use of Defendants' quota system as violative of the law and enjoin Defendants to reverse any and all adverse actions taken against Class members for failure to perform under the quota.

143.  Plaintiff and the Class are also entitled to and hereby claim attorneys' fees and costs, pursuant to Labor Code § 2108.

## SEVENTH CAUSE OF ACTION

### Violations of the Business and Professional Code

### [Business and Professional Code § 17200, *et seq*.]

### [By Plaintiff Against all Defendants except Defendant Fields]

144.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

145.  Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §17200, *et seq.* The actions of Defendants as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

146.  Defendants have conducted the following unlawful activities:

a)  Violations of Labor Code §§ 510, 1194, 1194.2, 1197, 1197.1, and the applicable IWC Wage Order, by failing to compensate Plaintiff and the Class for overtime and/or other work performed through meal and rest breaks;

b)  violations of Labor Code §§512 and 226.7, and the applicable IWC Wage Order, ¶11, by failing to provide and/or precluding Plaintiff and the Class from taking a 30-minute restrictive-free meal period after working more than five hours per day and by failing to provide one hour of pay at Plaintiff's and the Class's regular rates of compensation for each work day that the meal periods were not provided;

c)  violations of Labor Code §226.7 and the applicable Wage Order  ¶12, ,

by failing to provide and/or precluding Plaintiff and the Class from taking rest periods and by failing to provide one hour of pay at Plaintiff's and the Class's regular rates of compensation for each work day that the rest periods were not provided;

d)  violations of Labor Code §§226, 1174, 1174.5, and the applicable IWC Wage Order, ¶7, by failing to maintain and provide Plaintiff and the Class with accurate payroll and time records;

e)  violations of Labor Code §204 by failing to timely pay all earned wages to Plaintiff and the Class;

f)  violations of Labor Code §§201, 202, 203, 204 and 210 by failing to pay earned wages to Plaintiff and the Class upon their termination and/or within 72 hours of the last day of their employment with Defendants or upon regularly scheduled pay days required by California law;

g)  violations of Labor §§ 6400, 6402, 6404; 8 Cal. Code. Regs. § 3364; and the Applicable Wage Order, subsections 14 and 15, by failing to provide proper and suitable seating at work, readily available bathroom facilities, and heartfully weighed and maintained doors;

h)  violations of Labor Code §§ 2001, *et seq.*, by failing to comply with California warehouse distribution center quota laws when Defendant established high workload quotas that required Plaintiff and other Class members to work through meal and rest breaks;

i)  and/or any other violations of applicable law and/or unfair and/or fraudulent practices arising from the allegations stated herein.

147.  Defendants' activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and the Class.

148.  The identified violations of the Labor Code, Wage Order, Regulations,

laws, and public policy constitute business practices because they were done repeatedly over time and in a systematic manner to the detriment of Plaintiff and the Class

149. Because of Defendants' violations of the Labor Code, Wage Order, Regulations, laws, and public policy, Plaintiff and the Class have suffered injury-in-fact and have lost money or property because of Defendants' practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code, Regulations, Wage Order, laws and public policy as detailed in this Complaint and other resulting harms. Plaintiff and the Class are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law. Specifically, there is no adequate remedy at law for unpaid wages which occurred more than three years prior to the filing of this action, while the Unfair Competition Law allows for restitution for four years.

150. As a direct and proximate result of the unfair business practices of Defendants, Plaintiff and the Class are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully lost as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

151. The unlawful and unfair conduct alleged herein is continuing. Plaintiff believes and alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to violate the noted laws.

152. Plaintiff and the Class are also entitled to and hereby claim attorneys' fees and costs, pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5), and any other applicable provision for attorney fees and costs, based upon the violation of the underlying public policies.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.    That the Court certify this action as a Class Action under FRCP 23 and appoint Plaintiff as representative of the Class and his attorneys as Class Counsel;

2.    For nominal, actual, exemplary and compensatory damages, including lost wages, according to proof at trial;

3.    For restitution of all monies, wages, expenses, and costs due to Plaintiff and the Class;

4.    For liquidated damages under Labor Code § 1194.2;

5.    For injunctive relief pursuant to Labor Code § 2108;

6.    For reasonable attorneys' fees, costs and expenses pursuant to Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure § 1021.5;

7.    For pre-judgment and post-judgment interest, to the extent allowable by law, including but not limited to pre-judgement interest authorized under Labor Code § 218.6;

8.    For all applicable statutory penalties recoverable under Labor Code §§203, 210, 226, 558, and as otherwise authorized by statute or law;

9.    For any other appropriate injunctive or declaratory relief;

10.    For all such other and further relief as the Court deems proper and just under all the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury for all claims so triable.

DATED: June 20, 2025

**EMPLOYEE JUSTICE LEGAL GROUP PC**

Justin Hewgill, Esq.
Attorneys for Plaintiff